## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| R. S. Bacon Veneer Company, | ) | Case No. 14- 41737 (Involuntary) |
| | ) | |
| Alleged Debtor. | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | Hearing: November 19, 2014 at 4:00 p.m. |

### NOTICE OF EMERGENCY MOTION

To: See attached Service List

 *Please take notice* that on November 19, 2014 at 4:00 p.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Donald R. Cassling, or any other Judge sitting in his stead, in Courtroom 619 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL 60604, and will present the *Emergency Motion to Excuse Assignee from Turnover Requirements of 11 U.S.C. § 543* (the "*Motion*"), a copy of which is enclosed and served upon you, at which time and place you may appear and be heard.

**PURSUANT TO GENERAL ORDER 12-01 OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, YOU ARE HEREBY NOTIFIED THAT THE MOTION MAY BE OPPOSED ON THE BASIS THAT EMERGENCY TREATMENT IS NOT APPROPRIATE.**

       Respectfully submitted:

       *R. S. Bacon Veneer Company*

       By: __/s/  Aaron L. Hammer_____
        One of Its Attorneys

       **SUGAR FELSENTHAL GRAIS & HAMMER LLP**
       30 N. LaSalle St., Ste. 3000
       Chicago, Illinois 60602
       Telephone: 312.704.9400
       Facsimile: 312.372.7951
       ahammer@SugarFGH.com
       mmelickian@SugarFGH.com
       dmadden@SugarFGH.com

### CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2014, I caused a true and correct copy of the *Emergency Motion to Excuse Assignee from Turnover Requirements of 11 U.S.C. § 543* and all exhibits thereto to be served on the parties listed on the attached service list via e-mail to the addresses listed below, and via the Court's CM/ECF system to those entities entitled to electronic service.

By: /s/ Aaron L. Hammer

### SERVICE LIST

***Via CM/ECF and E-Mail (with Exhibits)***

Patrick S Layng, Office of the U.S. Trustee, Region 11
E-Mail: USTPRegion11.ES.ECF@usdoj.gov
Fax: (312) 886-5794

Jeffrey Corso
E-Mail: jcorso@ccvmlaw.com
Fax: 630-390-2390

***Via Personal Service (with Exhibits)***

James McCracken, President, R. S. Bacon Veneer Company

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| R. S. Bacon Veneer Company, | ) | Case No. 14-41737 (Involuntary) |
| | ) | |
| Alleged Debtor. | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | Hearing: November 19, 2014 at 4:00 p.m. |

### EMERGENCY MOTION TO EXCUSE ASSIGNEE FROM
### TURNOVER REQUIREMENTS OF 11 U.S.C. § 543

R. S. Bacon Veneer Company ("*Bacon Veneer*"), the alleged debtor in the above-caption involuntary proceeding, by and through its undersigned counsel, and in support of its motion (the "*Motion*") for entry of an order excusing the Assignee (defined below) from the turnover requirements of Section 543 of the Bankruptcy Code.

### EMERGENCY RELIEF

Bacon Veneer makes this Motion pursuant to the Court's General Order 12-01, which specifies the procedures to request emergency relief. On November 19, 2014, the Court granted Bacon Veneer's Application to Set Hearing on Emergency Motion (the "*Emergency Application*").

After the Court entered its Order granting the Emergency Application, Bacon Veneer's attorneys sent notice of the hearing on this Motion to counsel for all parties by e-mail and fax, and to Bacon Veneer by personal service.

The circumstances set forth in this Motion state good cause for emergency relief to avoid serious and irreparable harm.

SFGH:4831-6800-1056v1

## VENUE AND JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §1334 and 28 U.S.C. §157(a). This is a core proceeding under 28 U.S.C. §157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## SERIAL INVOLUNTARY PETITION

The Involuntary Petition filed by attorney Jeffrey Corso is his second Involuntary Petition filed against Bacon Veneer in the last 24 hours.  His prior involuntary petition, in case 14-41589, Bankr. N.D. Ill., was dismissed by Order of this Court earlier today.

## BACKGROUND

Bacon Veneer, an Illinois corporation, has been operating in the Chicagoland area since 1898.  Bacon Veneer produced veneer for the furniture and panel industry throughout the United States.  By the 1970s, Bacon Veneer established itself as a premier producer of exotic wood veneer within the architectural and design community.  Bacon Veneer was profitable until 2009 when the construction industry slowed due to the recession and caused a corresponding downturn in all construction and related areas.  Unfortunately, Bacon Veneer has experienced continued operating losses and without additional capital, cannot sustain operations in a manner to effectively compete in the marketplace or fund ongoing operations.  Accordingly, Bacon Veneer determined that it would be in the best interests of all creditors to assign its remaining assets to an assignee for the benefit of creditors.

Accordingly, as of October 30, 2014, Bacon Veneer and Howard B. Samuels, not individually but solely as the assignee/trustee of Bacon Veneer (the "*Assignee*"), initiated an assignment for the benefit of creditors (the "*ABC*") under Illinois common law, pursuant to a certain Trust Agreement and Assignment for the Benefit of Creditors (the "*Trust Agreement*"). Pursuant to the Trust Agreement, Bacon Veneer assigned all of its personal assets to the

2

Assignee and granted the Assignee a power of attorney over all of Bacon Veneer's real estate assets.

On November 3, 2014, the Assignee mailed notice of the ABC to all known creditors of Bacon Veneer.  A true and correct copy of the November 3, 2014 notice is attached hereto as **Exhibit A**, and a list of the creditors to whom the Assignee sent the notice (excluding addresses) is attached hereto as **Exhibit B**.  On November 5, 2014, the Assignee caused a notice of a public auction of Bacon Veneer's assets to be published in the Chicago Tribune.  A true and correct copy of the November 5, 2014 auction notice is attached hereto as **Exhibit C**.

As stated in the auction notice, the Assignee was scheduled to conduct an auction (the "*Auction*") of all of Bacon Veneer's assets at 2:00 p.m. on Wednesday, November 19, 2014, at the Assignee's office at 350 N. LaSalle St., Suite 1100, Chicago, Illinois.  (**Ex. C**).

## THE PETITION

Despite having had nearly two weeks' advance notice of the Auction, the Petitioning Creditors waited until the afternoon of the day of the Auction to file their involuntary petition (the "*Involuntary Petition*") against Bacon Veneer in this case.  The Petitioning Creditors plainly filed their Involuntary Petition minutes prior to the commencement of the Auction in a vain attempt to stall the Auction, and deny Bacon Veneer sufficient time to challenge the Involuntary Petition prior to the scheduled commencement of the Auction.

Aside from their skeletal, 4-page Involuntary Petition, the Petitioning Creditors have filed no other documents in this case.

## ARGUMENT

Pursuant to Section 101(11)(B) of the Bankruptcy Code, an assignee under an assignment for the benefit of creditors is included in the definition of a "custodian."  Under Section 543(a) and (b) of the Bankruptcy Code, a custodian is obligated to take certain actions and provide

SFGH:4831-6800-1056v1

certain information relating to property of the bankruptcy estate in the custodian's possession, custody or control.  Section 543(d) of the Bankruptcy Code permits the Court to excuse a trustee from complying with the turnover and reporting requirements of Section 543(a) and (b).

Based on the reasoning set forth in *In re Computer World Solutions, Inc.*, 479 B.R. 483 (Bankr. N.D. Ill. 2012) (attached hereto as **Exhibit D**), the Court should excuse the Assignee from the requirements of Section 543(a) and (b), should find that the property in the Assignee's possession, custody or control is not property of Bacon Veneer's bankruptcy estate, and should allow the Auction to proceed.

**WHEREFORE**, Bacon Veneer respectfully requests that the Court enter an order: (a) granting the Motion; (b) finding that emergency treatment of this Motion is appropriate under the circumstances; (c) excusing the Assignee from complying with the requirements of Section 543 of the Bankruptcy Code; (d) finding that the property in the Assignee's possession, custody and control is not property of Bacon Veneer's bankruptcy estate; and (e) granting such other and further relief as the Court deems just and equitable.

Respectfully submitted:

*R. S. Bacon Veneer Company*

By:   /s/  Aaron L. Hammer
          One of Its Attorneys

**Sugar Felsenthal Grais & Hammer LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:    312.704.9400
Facsimile:     312.372.7951
ahammer@SugarFGH.com
mmelickian@SugarFGH.com
dmadden@SugarFGH.com

# **EXHIBIT A**



November 3, 2014


To All Known Creditors of:        R. S. Bacon Veneer Company
770 Front St.
Lisle, IL 60532

**RE:        Assignment For The Benefit of Creditors**

Dear Creditor:

Please be advised that on October 30, 2014, R. S. Bacon Veneer Company, an Illinois corporation, with its principal place of business at 770 Front St., Lisle, IL ("Bacon"), initiated an Assignment for the Benefit of Creditors (the "Assignment") by delivering a signed Trust Agreement and Assignment for the Benefit of Creditors (the "Trust Agreement") to the undersigned, not individually, but solely as Trustee/Assignee.  As the designated Trustee/Assignee under the Trust Agreement, I accepted the Assignment as of October 30, 2014, and will act, not individually but solely as Trustee/Assignee (the "Assignee").

**The Assignment for the Benefit of Creditors**
Pursuant to the Assignment, Bacon conveyed all of its assets to me, not individually but solely as Assignee, for the specific purpose of liquidating its assets for the highest or otherwise best possible price and distributing the proceeds to its creditors, in accordance with the priorities established under Illinois common law.  As Assignee, it is my fiduciary responsibility to distribute the proceeds, less the costs of administration, first to creditors holding verified secured claims, second to administrative costs incurred in connection with the Assignment and third to holders of priority tax and wage claims.  All remaining funds, if any, will be distributed pro-rata among all general trade and other unsecured creditors of Bacon.

**Events Leading To The Assignment**
Bacon has been operating in the Chicagoland area since 1898. The company produced veneer for the furniture and panel industry throughout the United States.  By the 1970s, the company established itself as a premier producer of exotic wood veneer within the architectural and design community. The company was profitable until 2009 when the construction industry slowed due to the recession and caused a corresponding downturn in all construction related areas.  Unfortunately, Bacon has experienced continued operating losses and without additional capital, cannot sustain operations in a manner to effectively compete in the marketplace or fund ongoing operations.  Accordingly, Bacon's directors and shareholders determined it to be in the best interests of all creditors to assign the remaining assets to an assignee for the benefit of its creditors, and authorized the execution of the Trust Agreement in accordance with Illinois law.

350 North LaSalle Street
Suite 1100
Chicago IL  60654
Phone 312/645-1975
Fax 312/645-1976
www.rallyllc.com



Financial information provided to me from Bacon as of October 30, 2014, the date of the Assignment (without audit or verification), indicated the following (all figures are approximate):

| Assets | | | Liabilities | | |
|---|---|---|---|---|---|
| Cash On Hand | $ | 58,000 | Secured Bank Debt | $ | 6,300,000 |
| Accounts Receivable | | 350,000 | Real Estate Mortgage | | 618,000 |
| Inventory* | | 1,100,000 | Accounts Payable | | 3,079,926 |
| Plant Machinery & Equipment* | | 650,000 | Shareholder Loan | | 776,223 |
| Office Furniture & Equipment* | | 50,000 | | | |
| Real Estate* | | 1,500,000 | | | |
| **Total Assets** | **$** | **3,708,000** | **Total Liabilities** | | **$ 10,774,149** |

*- Fair Market Value*

## The Proposed Sale of the Assets of R. S. Bacon Veneer Company

As noted above, I have been appointed as Assignee in order to liquidate the assets of Bacon for the highest or otherwise best possible price. As of the date of this notice, I have received and accepted a Letter of Intent ("LOI") from The Best Veneer Company LLC in the amount of Two Million Dollars ($2,000,000), plus certain sums to be advanced and/or loaned to Assignee and/or Bacon in connection with the continued operation of Bacon's assets and as more fully set forth in the LOI. Pursuant to, and subject to, the attached Notice of Public Sale, it is my intent to conduct a public auction jointly with the secured creditor, PPL Group, LLC, on Wednesday, November 19, 2014 at 2:00 p.m. in the offices of Rally Capital Services, LLC, 350 North LaSalle St, Suite 1100, Chicago, IL 60654 in accordance with the Uniform Commercial Code and Illinois common law to offer for sale all of Bacon's right, title and interest in and to its assets of any kind or designation, tangible, or intangible.

This notice has been sent to all known creditors of Bacon, including taxing authorities. **All creditors are requested to immediately execute and return to the Assignee's office the enclosed Affidavit of Claim with any and all supporting documentation reflecting the balance due from the Company as of the Assignment Date, October 30, 2014.**

In the event you require additional information regarding this Assignment, please do not hesitate to contact the undersigned. Kindly advance your files approximately ninety (90) days pending our further report.

Thank you for your patience and cooperation.

Sincerely,

Howard B. Samuels, not Individually, but Solely as the Assignee/Trustee of
R. S. Bacon Veneer Company

## Enclosure

350 North LaSalle Street
Suite 1100
Chicago IL 60654
Phone 312/645-1975
Fax 312/645-1976
www.rallyllc.com

SFGH:4835-1649-6416v2



# COMBINED NOTICE OF ASSIGNMENT
# PROOF OF CLAIM AND BAR DATE NOTICE

RE:   **R. S. BACON VENEER COMPANY**
**770 FRONT ST.**
**LISLE, IL 60532**

**To:**      **All Known Creditors of R. S. Bacon Veneer Company**

**PLEASE TAKE NOTICE** that on October 30, 2014, R. S. Bacon Veneer Company ("Bacon") entered into a Trust Agreement and Assignment for the Benefit of Creditors with Howard B. Samuels (the "Trustee/Assignee") of Rally Capital Services, LLC, 350 North LaSalle St., Suite 1100, Chicago, IL 60654.  An Assignment for the Benefit of Creditors under Illinois law is a non-statutory, non-judicial liquidation of a debtor's assets by an independent third-party for the benefit of creditors.

**PLEASE TAKE FURTHER NOTICE** that the Trustee/Assignee has fixed January 10, 2015 as the **BAR DATE**, or the last date for the timely submission of unsecured, non-priority claims against the Bacon Veneer Creditors Trust.  Your claim must be received by the Trustee/Assignee on or before the Bar Date for you to participate in any distribution of Bacon's assets, unless the Trustee/Assignee, in his sole discretion, extends the Bar Date.

**PLEASE TAKE FURTHER NOTICE** that this form, when completed and executed by you and returned to the Trustee/Assignee shall constitute your Proof of Claim.  Please attach legible copies of all invoices, statements, contracts or other evidence of your claim to this form when it is returned.

350 North LaSalle Street
Suite 1100
Chicago IL  60654
Phone 312/645-1975
Fax 312/645-1976
www.rallyllc.com

SFGH:4835-1649-6416v2



## PROOF OF CLAIM

**RE:   R. S.  BACON VENEER COMPANY**
     **770 FRONT ST.**
     **LISLE, IL 60532**

| | |
|---|---|
| **Claim Amount:** | $ _____ |
| **Creditor's Name:** | _____ |
| **Address:** | _____ |
| **City, State, Zip:** | _____ |
| **Telephone:** | _____ |
| **Fax:** | _____ |
| **E-Mail:** | _____ |
| **By:** | _____ |
| **Print Name & Title:** | _____ |
| **Date:** | _____ |

*Please complete and return this form and any documentation to substantiate your claim to the Trustee/Assignee so as to be received on or before the Bar Date of January 10, 2015 to the following address or email address or facsimile number:*

| | | | | |
|---|---|---|---|---|
| **MAIL TO:** | | **FAX TO:** | | **EMAIL TO:** |
| **Rally Capital Services, LLC** | **OR** | **Claims Department** | **OR** | claims@rallyllc.com |
| 350 North LaSalle Drive | | (312) 645-1976 | | |
| Suite 1100 | | | | |
| Chicago, IL  60654 | | | | |
| **ATTN:  BACON VENEER CREDITOR TRUST** | | | | |

350 North LaSalle Street
Suite 1100
Chicago IL  60654
Phone 312/645-1975
Fax 312/645-1976
www.rallyllc.com

SFGH:4835-1649-6416v2

# **EXHIBIT B**

| Name | Total Due |
|------|-----------|
| James Alexander | $ 329.08 |
| Alley Partnership | $ 33,430.76 |
| Allred & Associates | $ 1,450.56 |
| Amana Society | $ 9,241.98 |
| Big Timber | $ 5,206.64 |
| 5 Star LLC | $ 31,939.52 |
| Bruggeman Lumber | $ 1.71 |
| Exotic Wood/Mardena E. Blaney | $ 2,654.21 |
| John P Flanagan | $ 33,477.86 |
| Gayeski Furniture | $ 4,680.58 |
| Raymond Hershberger | $ 43,826.05 |
| R.W. Howell Logging , Inc. | $ 335.34 |
| Iowa Veneer | $ 811,901.47 |
| Iowa Veneer - CUSTOM C | $ 124,319.39 |
| Kendrick Forest Products | $ 473.03 |
| Lake States Veneer Inc. (William Shull) | $ 21,459.29 |
| Leland/River City | $ 5,550.21 |
| Livingston Lumber Company | $ 922.39 |
| Iowa Veneer – MEV | $ 363.34 |
| Nelson Bros. Land & Timber | $ 320,295.41 |
| Pacific Native Hardwoods | $ 15,778.87 |
| Klaus Raufer | $ 3,466.00 |
| Roscoe Hardwood (evelyn carver) | $ 6,475.31 |
| Rudloff Timber Products | $ 2,975.60 |
| William Shull | $ 2,474.95 |
| Terry Spurgin | $ 151.06 |
| George & Timothy Tigges | $ 567.09 |
| James J Ulring | $ 36,550.95 |
| Walnut Street Hardwoods | $ 153.62 |
| White Birch Specialities | $ 19,523.30 |
| Advance Disposal | $ 1,441.00 |
| AT&T | $ 251.10 |
| AT&T Data | $ 2,871.49 |
| Ceridian | $ 76.14 |
| Com Ed | $ 1,098.52 |
| Dugan | $ 23,948.49 |
| Excel | $ 1,254.00 |
| Fastenal | $ 9,260.67 |
| Iowa Veneer | $ 5,419.80 |
| Labor | $ 12,164.18 |
| Lasalle | $ 9,725.64 |
| Louisville Veneer | $ 909.30 |
| Mercedes | $ 12,088.22 |
| Scientific | $ 4,930.00 |
| Sea-Rich | $ 2,050.00 |
| TKM | $ 8,850.00 |
| TMX | $ 19,005.00 |
| Village of Burr Ridge | $ 25.44 |
| Wieland & Sons | $ 3,163.01 |
| 3W Total | € 673,489.27 |
| FINSA Total | € 20,000.00 |
| Schorn & Groh Total | € 12,952.16 |
| Sonke Bruhn Total | € 15,567.92 |
| Timbercom Total | € 15,988.28 |
| Wehmeyer Total | € 6,100.00 |
| Theodore Nagel | € 4,414.57 |

# **EXHIBIT C**

# Market roundup



## Tuesday's market activity

The S&P 500 and Nasdaq composite indexes ended lower as another big drop in oil prices dragged down energy shares and Priceline's earnings forecast disappointed investors. The Dow Jones industrial average eked out a gain.

**Dow Jones** ▲ +17.60 (+0.10%) from previous day's close

Open: 17,368.81    Low: 17,278.36    High: 17,397.23    Close: 17,383.84

**Nasdaq** ▼ -15.27 (-0.33%)
Close 4,623.64 / High 4,635.95 / Low 4,594.92 / Previous 4,638.91

**S&P 500** ▼ -5.71 (-0.28%)
Close 2,012.10 / High 2,015.98 / Low 2,001.01 / Previous 2,017.81

**Russell 2000** ▼ -4.78 (-0.41%)
Close 1,165.42 / High 1,170.87 / Low 1,160.89 / Previous 1,170.20

10-yr T-note −0.01 / Gold futures −2.00 to $1167.60 / Yen −0.500 to 113.53/$1 / Euro +0.007 to $1.2550 / Crude oil −1.59 to $77.19

### Major market growth and decline

**5-day % change** — DOW +2.22 / NASD +1.37 / S&P +1.36
**30-day % change** — DOW +2.02 / NASD +3.31 / S&P +2.05
**1-year % change** — DOW +9.16 / NASD +17.45 / S&P +12.91

The stocks listed may change due to a fluctuations in market capitalization. The list is based on up-to-date stock information, the Tribune Co. obtains. Chicago-area public companies, based on market capitalization. The list previously had been updated quarterly. As a result, some smaller companies may move on or off the list one day to a as market caps change.

## AUCTION MART

PLEASE CALL 312.222.4089 TO PLACE AD



U.S. BANKRUPTCY COURT DIRECTS
# AUCTION
DECEMBER 3

SUCCESSFUL LAKEFRONT SUBDIVISION
Doubletree Lake Estates, Winfield, IN (45 Min. from Chicago)
— OVER 430 LOTS ALREADY SOLD —

• 62 Finished Lots Around a 60 Acre Private Lake
• 100+ Unfinished Lots
• Commercial and Residential Land, with Preliminary Approvals
• 110 Acres Agricultural Land
• 11,000 SF Commercial Bldg, Former Restaurant/Office

Single & Multifamily Development Opportunity in a Flourishing Community w/ Crown Point Schools

BID ON PARTS OR IN ITS ENTIRETY

MadisonHawk.com/Auctions/DoubleTree  800.547.1045

MADISONHAWK



Real Estate Auction



Chicago Tribune
digitalCOPY
More News. More Options.

Go digital and save more than 75% off the newsstand price.
chicagotribune.com/newsstand

**JOINT NOTICE OF PUBLIC SALE**
**BY ORDER OF SECURED PARTY AND**
**ASSIGNEE FOR THE BENEFIT OF CREDITORS**
**R. S. BACON VENEER COMPANY**
**770 FRONT STREET, LISLE, IL 60532**

**SALE OF ASSETS:** Notice is hereby given that on Wednesday, November 19, 2014 at 2:00 p.m. (the "Date of Sale") in the offices of Rally Capital Services, LLC, 350 North LaSalle St, Suite 1100, Chicago, IL 60654, the secured party PPL Group, LLC ("Lender"), and Howard B. Samuels, not individually, but solely as Assignee for the Benefit of Creditors of R. S. Bacon Veneer Company ("Assignee" and together with Lender, collectively "Sellers"), shall hold a public auction in accordance with the Uniform Commercial Code and Illinois common law (the "Joint Sale") to offer for sale all of R. S. Bacon Veneer Company's right, title and interest in and to its assets of any kind or designation, tangible, or intangible, whether now existing or hereafter acquired including not limited to accounts, inventory, equipment, copyrights, licenses, books, records, phone numbers, websites, and general intangibles including the right to use the name of R. S. Bacon Veneer Company (collectively, the "Assets"). The Assets will be offered for sale in one bulk lot (Lot 1) and, alternatively, in four separate lots as follows: machinery and equipment (Lot 2); inventory (Lot 3); the Assignee's right, title and interest in and to certain real estate commonly known as 21035 240th Street, Grundy Center, Iowa 50638 (Lot 4); and accounts receivable, intellectual property and other general intangibles (Lot 5). The Assets will be sold to the bidder or bidders with the highest or otherwise best bid(s), for cash except as otherwise provided herein, as determined by Sellers. As of the date of this Notice, Assignee has received and accepted a Letter of Intent ("LOI") from The Best Veneer Company LLC for Lot 1 (subject to, among other things, due diligence and higher or otherwise better bids to be received at or before the Joint Sale) for Two Million Dollars ($2,000,000) plus certain sums to be advanced and/or loaned to Assignee and/or R. S. Bacon Veneer Company in connection with the continued operation of the Assets and as more fully set forth in the LOI.

**LOT 1 BIDDING PROCEDURES:** Provided that, on or before November 7, 2014, the LOI is memorialized in an executed asset purchase agreement (subject to Sellers' right to receive and accept higher or otherwise better bids, including a credit bid, on one or more of the aforementioned lots, including Lot 1), then, the following bidding procedures will apply with respect to Lot 1 only: (i) a qualified bidder, as determined by Sellers from financial information to be provided to Sellers from any such potential bidder, must post a deposit with Assignee in good and immediately available funds in the amount of Two Hundred Fifty Thousand Dollars ($250,000) (the "Deposit") at least three (3) days prior to the Date of Sale; (ii) any offer to purchase must be for cash, in an amount equal to at least Two Million One Hundred Twenty-Five Thousand Dollars ($2,125,000) plus any sums advanced and/or loaned to Assignee and/or R. S. Bacon Veneer Company pursuant to the LOI; (iii) all bidding shall be conducted in the same room with the identity and bid terms of all bidders fully disclosed and on the record as recorded by a court reporter; (iv) any subsequent overbids shall be at least Twenty Five Thousand Dollars ($25,000) greater than the then-prevailing bid; and (v) if the successful bidder fails to close on its successful bid within forty-eight (48) hours of the Date of Sale, then its Deposit will be forfeited and the Assets may, at Sellers' option, be sold to the next highest bidder without further notice. Sellers reserve the right to supplement, strike and/or amend these bidding procedures up to and through the Joint Sale.

**JOINT SALE TERMS AND CONDITIONS (all lots):** The Assets will be sold "AS IS, WHERE IS" with all faults and without any express or implied representations or warranties whatsoever, including, without limitation, warranties of merchantability, quiet enjoyment or fitness for a particular purpose or as to the title, value or quality of the Assets. Sellers reserve the right, on or prior to the Date of Sale, to modify, waive or amend any terms or conditions of the Joint Sale or impose any other terms or conditions on the Joint Sale, and, if Sellers deem appropriate, to reject any bids or continue the Joint Sale (whether for all of the Assets or separate lots) without prior notice. Lender reserves the right to credit bid for any or all of the Assets at the Joint Sale. For further information regarding the Assets and/or the LOI, or to arrange for an inspection of the Assets, please contact Assignee or Lender as follows:

| | |
|---|---|
| **Assignee** | **Attorneys for Lender** |
| Howard B. Samuels, Esq., Assignee | Eric S. Prezant, Esq. |
| David N. Missner, Esq. | Ryan O. Lawlor, Esq. |
| Jeffrey D. Samuels | Bryan Cave LLP |
| Rally Capital Services, LLC | 161 North Clark St., Suite 4300 |
| 350 North LaSalle St., Suite 1100 | Chicago, IL 60601 |
| Chicago, IL 60654 | (312) 602-5000 |
| (312) 645-1975 | eric.prezant@bryancave.com |
| info@rallyllc.com | ryan.lawlor@bryancave.com |

# **EXHIBIT D**

## *In re Computer World Solutions, Inc.*

United States Bankruptcy Court for the Northern District of Illinois, Eastern Division

August 24, 2012, Decided; August 24, 2012, Filed, Entered

Chapter 7, Bankruptcy No. 07-21123

**Reporter**

479 B.R. 483; 2012 Bankr. LEXIS 3931; 56 Bankr. Ct. Dec. 262; 2012 WL 3651113

In re: COMPUTER WORLD SOLUTIONS, INC., Debtor.

## Case Summary

### Procedural Posture

In a case where an involuntary Chapter 11 bankruptcy was converted to Chapter 7, and lawyers had been retained to assist an assignee who was excused from the requirements of *11 U.S.C.S. § 543*, an attorney filed a motion for compensation, to which the Chapter 7 trustee objected.

### Overview

The debtor corporation had executed an assignment for the benefit of creditors to an assignee. The assignee later discovered that the debtor was involved in fraudulent business practices. After an involuntary petition was filed, the bankruptcy court granted a motion excusing the assignee from delivering the debtor's assets to its bankruptcy trustee and allowed him to continue to exercise powers and duties granted him by Illinois law. The issue herein was whether the assignee was required to seek authority under the Bankruptcy Code to dispose of the assets he retained possession of or whether he could proceed under state law, without leave of the Bankruptcy Court, to dispose of assets and to make distributions to the debtor's creditors, including law firms and lawyers hired to assist him. Overruling the objections, the court noted that Illinois law recognized assignments for the benefit of creditors as out-of-court procedures and the Bankruptcy Code did not provide for bankruptcy court supervision of assignees or their attorneys after an assignee has been excused from delivering a debtor's property to the bankruptcy estate's representative.

### Outcome

The court overruled the objections and the motion for compensation was granted.

## LexisNexis® Headnotes

Bankruptcy Law > ... > Contents of Estate > Property Recovered by Trustee > Custodial Turnovers

***HN1*** *11 U.S.C.S. § 543* requires custodians with knowledge of the commencement of a bankruptcy case to deliver to the trustee any property of the debtor held or transferred by such custodian.

Bankruptcy Law > ... > Examiners, Officers & Trustees > Appointment > Compensation

***HN2*** Professionals seeking compensation for services rendered to a bankruptcy estate must file with the court an application for allowance of compensation and reimbursement of expenses. *11 U.S.C.S. § 330(a)(1)*.

Bankruptcy Law > Procedural Matters > State Insolvency Laws

***HN3*** Under Illinois law, an assignment for the benefit of creditors is an out-of-court remedy. The assignment is commenced by the conveyance of a debtor's assets to an assignee, a fiduciary, in trust, for payment of the assignor's debts. The assignee is the fiduciary representative of the creditors. Unlike a bankruptcy trustee, the assignee is not obliged to seek creditor or court approval for the assignee's administration. A debtor may choose to make an assignment for the benefit of creditors, which is an out-of-court remedy, rather than to petition for bankruptcy, because assignments are less costly and completed more quickly.

Bankruptcy Law > Procedural Matters > State Insolvency Laws

***HN4*** Illinois law recognizes assignments for the benefit of creditors as out-of-court procedures and the Bankruptcy Code does not provide for bankruptcy court supervision of assignees or their attorneys after an assignee has been excused from delivering a debtor's property to the bankruptcy estate's representative.

Bankruptcy Law > Procedural Matters > State Insolvency Laws

***HN5*** Absent some defect in the creation of the assignment, it passes legal and equitable title to the debtor's property from the debtor to the assignee. When an assignee has been excused from delivering the assets he held to the bankruptcy estate's representative, he retained title to the assets.

Bankruptcy Law > ... > Examiners, Officers & Trustees > Appointment > Compensation

***HN6*** *11 U.S.C.S. § 330(a)(1)* governs payments to professionals retained by a bankruptcy estate; it has no

application to the payment of an assignee's attorney for legal services rendered in the operation of an assignment for the benefit of creditors.

**Counsel:** [**1] For Computer World Solutions, Inc., dba X2Gen, Debtor: Brian A. Audette, Daniel A Zazove, David Gold, Jason Horwitz, Perkins Coie LLP, Chicago, IL; Regina L Ori, Perkins Coie LLP.

For Fifth Third Bank, Petitioning Creditor: James Dasso, Joanne Lee, Joanne Lee, Michael S. Shapiro, Michael J. Small, Foley & Lardner LLP, Chicago, IL.

For Astor Financial, LLC, S. Stein, Eileen Stein, Robert Stein, Respondents: Kevin G Schneider, William J. Choslovsky, Neal, Gerber & Eisenberg LLP, Chicago, IL.

For Steven R Radtke, Trustee: Steven R Radtke, Chill, Chill & Radtke PC, Chicago, IL.

U.S. Trustee: Patrick S Layng, Office of the U.S. Trustee, Region 11, Chicago, IL.

**Judges:** Hon. Jacqueline P. Cox, U.S. Bankruptcy Judge.

**Opinion by:** Jacqueline P. Cox

# Opinion

[*484]   **Memorandum Opinion on Motion and Application for Compensation (Dkt. No. 260)**

This matter came to be heard on the Motion and Application of Attorney Daniel Zazove for Compensation. For the reasons noted herein, the Motion is Granted.

### I. FACTS AND BACKGROUND

Computer World Solutions, Inc. ("Debtor") had been an importer and distributor of computer monitors, televisions and other electronic products on October 29, 2007 when it executed an assignment for the benefit of creditors to [**2] Patrick O'Malley, as assignee ("Assignee"). He later discovered that the Debtor was involved in fraudulent business practices. The Debtor's principals were convicted of various crimes and incarcerated for that fraudulent activity.

An involuntary petition for bankruptcy relief was filed herein by three of the Debtor's creditors on November 9, 2007. The Debtor consented to the entry of an Order for Relief under Chapter 11 of the Bankruptcy Code on November 28, 2007 (retroactive to November 16, 2007). 07-21123, Dkt. No. 17.

On November 16, 2007, this Court granted Fifth Third Bank's Emergency Motion for Entry of an Order Excusing Patrick O'Malley from complying with _11 U.S.C. §§ 543(a), (b)_ and _(c)_. **HN1** _Section 543 of the Bankruptcy Code_ requires custodians [*485]   with knowledge of the commencement of a bankruptcy case to deliver to the trustee any property of the debtor held or transferred by such custodian. By excusing Assignee Patrick O'Malley from delivering the Debtor's assets to its bankruptcy trustee, the Court allowed him to continue to exercise powers and duties granted him by Illinois law. The issue herein is whether the Assignee was required to seek authority under the Bankruptcy Code to [**3] dispose of the assets he retained possession of or whether he could proceed under state law, without leave of the Bankruptcy Court, to dispose of assets and to make distributions to the Debtor's creditors, including law firms and lawyers hired to assist him.

On January 15, 2008, this Court entered an order authorizing the Debtor to retain Atttoneys Daniel A. Zazove, Jason D. Horwitz and Regina L. Ori and the Perkins Coie, LLP ("Perkins Coie") law firm as its legal advisors.

During the course of this case Perkins Coie prosecuted adversary proceeding 08-00180 which sought to avoid and recover several transfers alleged to be preferential under _11 U.S.C. § 547_. That matter went to trial. On March 18, 2010, the law firm obtained a judgment in the amount of $1,503,204 in favor of the Plaintiff.

The bankruptcy case was converted to Chapter 7 on April 21, 2011. 07-21123, Dkt. No. 211. Attorney Steven R. Radtke ("Radtke") was appointed Chapter 7 Trustee herein.

On February 21, 2012, Attorney Daniel A. Zazove presented a Motion for Allowance and Payment of Administrative Expenses. 07-21123, Dkt. No. 250. Both Chapter 7 Trustee Radtke and Adversary Defendant, Robert Stein ("Stein") objected. _See_ [**4] 07-21123, Dkt. Nos. 256 and 257. That matter was set for hearing on July 25, 2012. On March 30, 2012, Attorney Daniel A. Zazove filed the pleading at issue herein, the Motion and Application for Compensation for services rendered on behalf of the bankruptcy estate, not the Assignee. 07-21123, Dkt. No. 260.

### II. SUBSTANCE OF OBJECTIONS

The main objection is that subsequent to the entry of the retention order, Attorney Daniel A. Zazove and Perkins Coie received $263,498.61 (as noted in Radtke's objection at Dkt. No. 256, p.4) or $300,000 (as noted in Stein's objection at Dkt. No. 257, p.6) in compensation from the Assignee or

Page 2 of 4

Fifth Third Bank without leave of court as required by *11 U.S.C. § 330(a)(1)*. **HN2** Professionals seeking compensation for services rendered to a bankruptcy estate must file with the court an application for allowance of compensation and reimbursement of expenses. *11 U.S.C. § 330(a)(1)*. Zazove and Perkins Coie argue that because the funds received were not property of the bankruptcy estate, the Assignee and the Bank could make payments for legal services rendered in operation of the assignment for the benefit of creditors without obtaining court approval. Radtke and Stein [**5] point to the holdings of two cases in arguing that the funds held by the Assignee were property of the bankruptcy estate and that payment of legal fees to an attorney or law firm retained pursuant to the Bankruptcy Code required compliance with *11 U.S.C. § 330(a)(1)*. Those cases are *In re Automotive Professionals, Inc., 370 B.R. 161 (Bankr. N.D. Ill. 2007)* leave to appeal denied, *379 B.R. 746 (N.D. Ill. 2007)* and *Rosenberg v. Friedman, (In re Carole's Foods', Inc.), 24 B.R. 213 (B.A.P. 1st Cir. 1982)*.

In *In re Automotive Professionals, Inc.*, the court discussed whether a prebankruptcy transfer of a debtor's assets was subject to *Section 543*. *370 B.R. at 182*. Bankruptcy Judge Doyle cited legislative history evidencing Congress' intent that "property of the debtor" include property [*486] previously assigned for the benefit of creditors. The State of Illinois argued that due to the debtor's transfer of assets to a creditors' trust prebankruptcy, it had no assets to administer in bankruptcy. The court rejected this position, ruling that *Section 543* requires custodians to deliver assets to the bankruptcy estate representative and that property assigned to a custodian became property of the bankruptcy [**6] estate when the debtor filed for bankruptcy. The issue herein, however, is whether the assets that remain with the assignee continue to be property of the bankruptcy estate once a bankruptcy court excuses a custodian from the requirement to deliver the assets to the bankruptcy estate representative. Must an assignee seek court approval under *section 363 of the Bankruptcy Code* to sell the assets it administers pursuant to state law? Must the custodian obtain court approval to pay law firms and lawyers hired to assist the assignee? The *In re Automotive Professionals, Inc.* case does not address these issues.

In *Rosenberg v. Friedman (In re Carole's Foods, Inc.)*, the Bankruptcy Appellate Panel noted that for purposes of the application of *section 543 of the Bankruptcy Code*, the assignee possesses property of the bankruptcy estate. *24 B.R. at 214*. Again, however, the issue herein is whether the assets that remain with the assignee continue to be property of the bankruptcy estate after a bankruptcy court excuses a custodian from the delivery requirement. The *Rosenberg* court does not address this issue.

## III.  ASSIGNMENTS FOR THE BENEFIT OF CREDITORS UNDER ILLINOIS LAW

**HN3** An assignment for the benefit [**7] of creditors is an out-of-court remedy. The assignment is commenced by the conveyance of a debtor's assets to an assignee, a fiduciary, in trust, for payment of the assignor's debts. The assignee is the fiduciary representative of the creditors. "Unlike a bankruptcy trustee, the assignee is not obliged to seek creditor or court approval for the assignee's administration." *ABC v. Chapter 11: The Use of Assignments for the Benefit of Creditors as an Alternative to Chapter 11 Cases, Common Law Assignments for the Benefit of Creditors as Practiced in Illinois*, American Bankruptcy Institute 45, 35th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, March 10-12, 2011, at 2 [1].

"A debtor may choose to make an assignment for the benefit of creditors, which is an out-of-court remedy, rather than to petition for bankruptcy, because assignments are less costly and completed more quickly." *First Bank v. Unique Marble & Granite Corp., 406 Ill. App. 3d 701, 707, 938 N.E.2d 1154, 345 Ill. Dec. 233 (Ill. App. Ct. 2010)*. This Court will not [**8] require the Assignee herein or his attorney to petition the bankruptcy court for approval of its requests for compensation. **HN4** Illinois law recognizes assignments for the benefit of creditors as out-of-court procedures and the Bankruptcy Code does not provide for bankruptcy court supervision of assignees or their attorneys after an assignee has been excused from delivering a debtor's property to the bankruptcy estate's representative.

**HN5** Absent some defect in the creation of the assignment, it passes legal and equitable title to the debtor's property from the debtor to the assignee. *First Bank,* [*487] *406 Ill. App. 3d at 707*. When the Assignee was excused from delivering the assets he held to the bankruptcy estate's representative, he retained title to the assets.

The legislative history of *section 543* indicates its purpose.

> This section requires a custodian appointed before the bankruptcy case to deliver to the trustee and to account for property that has come into his possession, custody, or control as a custodian.

[1]   The Court notes that Mr. Daniel A. Zazove, the attorney involved herein, is one of the authors of this article about assignments for the benefit of creditors under Illinois law.

Page 3 of 4

'Property of the debtor' in section (a) includes property that was property of the debtor at the time the custodian took the property, but the title to which passed to the custodian. [**9] The section requires the court to protect any obligations incurred by the custodian, provide for the payment of reasonable compensation for services rendered and costs and expenses incurred by the custodian, and to surcharge the custodian for any improper or excessive disbursement, unless it has been approved by a court of competent jurisdiction.

Subsection (d) reinforces the general abstention policy in section 306 [2] by permitting the Bankruptcy Court to authorize the custodianship to proceed notwithstanding this section.

S.Rep.No. 95-989, 95th Cong. 2nd Sess. at 85, 1978 U.S.Code Cong. Ad.News at pp. 5787, 7871; H.Rep.No. 95-595, 95th Cong. 2nd Sess. at 370, 1978 U.S.Code Cong. Ad.News at pp 5785, 6326. *In re 400 Madison Avenue Limited Partnership, 213 B.R. 888, 895 (Bankr. S.D.N.Y. 1997)*.

In the spirit of abstention, this Court declines to transform the assignment for the benefit of creditors remedy from an out-of-court procedure to an in-court procedure by requiring the Assignee to submit to bankruptcy court jurisdiction after he was excused from the *Section 543* delivery requirement.

The Trustee and [**10] Stein correctly point out that the Assignee obtained court approval of various sales of property it administered. However, the Assignee was not required by

law or this Court's order excusing his compliance with *Section 543* to obtain court approval before making the proposed transactions.

The objections of Trustee Radtke and Stein are overruled. The objections have no factual basis or legal support, as it has not been shown that the disbursements to Mr. Zazove and Perkins Coie were made from funds of the bankruptcy estate. Mr. Zazove stated at the July 25, 2012 hearing that the disbursements were made by the Assignee from the lender's collateral. Transcript, July 25, 2012, page 15. The objectors have not presented evidence that the Assignee made the disbursements from assets other than those he held title to.

*HN6* *Bankruptcy Code Section 330(a)(1)* governs payments to professionals retained by a bankruptcy estate; it has no application to the payment of an assignee's attorney for legal services rendered in the operation of an assignment for the benefit of creditors.

The Court will rule on the Perkins Coie/Zazove request for compensation as the Debtor's attorney by separate order.

**DATED: August** [**11] **24, 2012**

**ENTER:**

/s/ Jacqueline P. Cox

**Jacqueline P. Cox**

**U.S. Bankruptcy Judge**

---

[2]  As enacted the section referred to became Code *§ 305* (Footnote 15 in the original).